IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CHRISTOPHER A. BROCK,                              Civ. No. 6:25-cv-02220-AA

                Plaintiff,                              **OPINION & ORDER**

     v.

STATE OF OREGON,

                Defendant.

_____

AIKEN, District Judge.

     Self-represented Plaintiff Christopher A. Brock seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, the application proceed IFP is GRANTED but the Complaint, ECF No. 1, is DISMISSED with leave to amend but without service on Defendant.

**LEGAL STANDARD**

     Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess

whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

1988).  Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency.  Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 2, and the petition will be GRANTED.

The Complaint alleges that "the State of Oregon breached its fiduciary duty it had toward the plaintiff Mr. Brock, a citizen of Oregon."  Compl. 3.  Plaintiff's claims stem from a series of arrests, no-contact order violations, stalking orders, criminal convictions, and probation violations against Plaintiff spanning more than three years from June 2022 through November 2025, as well as including pending criminal charges against Plaintiff.  Plaintiff brings his claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12203.  *Id.* at 2.

### I.      42 U.S.C. § 1983

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law."  *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Plaintiff has brought these claims against the State of Oregon, which is protected by Eleventh Amendment immunity. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment "bars a citizen from bringing a suit against their own state in federal court." *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir. 1995). There are two "well-established" exceptions to the Eleventh Amendment immunity from suit: (1) Congress can abrogate the Eleventh Amendment without the consent of the states in certain instances or (2) a state may waive its immunity by consenting to suit in federal court." *Id.*

The Supreme Court has held that states are protected against § 1983 claims under the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). The State of Oregon has not consented to be sued in federal court under § 1983. Plaintiff's § 1983 claims against the State of Oregon therefore fail. Because no amendment could remedy this defect, dismissal of these claims is without leave to amend.

## II.    42 U.S.C. § 12203

Section 12203, under Title V of the ADA "prohibits retaliation or coercion against individuals who oppose unlawful acts under the ADA." *Strojnik v. State Bar of Arizona*, 446 F. Supp.3d 556, 574 (D. Ariz. 2020). It protects any individual who "has opposed any act or practice made unlawful" by the ADA or has made a charge,

testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA.  42 U.S.C. 12203(a).  It provides further that it is "unlawful to coerce, intimidate, threaten, or interfere with any individual . . . on account of his or her having exercised . . . any right granted or protected by [the ADA]." 42 U.S.C. § 12203(b).  "Title V is contingent upon the substantive violations of other provisions the ADA," which "prohibits discrimination in three areas: employment ('Title I'), public services ('Title II'), and public accommodations ('Title III')."  *Strojnik*, 446 F. Supp.3d at 575.  "Thus, for a plaintiff to have a Title V claim, he must have suffered retaliation for opposing an act or practice made unlawful under the ADA."  *Id.*

Plaintiff alleges that he "has dyslexia and astigmatism since childhood (diagnosed) and it causes him to struggle with written text and forms," and he "needs verbal explanations to be able to participate in all activities with full understanding of what is being required" and that his "probation officers have consistently refused to explain the content of the documents presented to him."  Compl. 9.  Plaintiff also alleges that he "doesn't do well with hostility and/or aggression, especially from Law Enforcement" due to his post-traumatic stress disorder.  *Id.* at 10.  Plaintiff asserts that his claim is based on the requirement that "state employees . . . take individual disabilities into consideration and assist the person with the disability, ensuring equal treatment."  *Id.* at 9.  From this, the Court infers that Plaintiff's Title V claim is based on alleged violation of his Title II rights.

The complained-of acts were allegedly committed by Douglas County probation officers, Compl. 9, who are employed by the county government and not the State of

Oregon.  *See* ORS 423.549 (abolishing the state-run probation system and transferring authority to the county governments).  Plaintiff has failed to state a claim for ADA retaliation against the State of Oregon.

### III.    Leave to Amend

Because Plaintiff is self-represented, the Court will grant leave to file an amended complaint so that he can attempt to replead his claims, except for his § 1983 claims against the State of Oregon.  The Court notes that at least some of the allegations in the Complaint concern pending criminal charges and probation violations.  In drafting the amended complaint, Plaintiff would be well advised to confer with his criminal defense attorney to avoid including any allegations that might prejudice his defense.  Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff's Application for Leave to Proceed IFP, ECF No. 2, is GRANTED, but the Complaint, ECF No. 1, is DISMISSED without service on Defendants.

Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint.  Plaintiff is further advised that failure to file an amended complaint within the allotted time will result in a judgment of dismissal without further notice.

It is so ORDERED and DATED this ____7th____ day of January 2026.


 /s/Ann Aiken_____
ANN AIKEN
United States District Judge