IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


CHRISTOPHER A. BROCK,                               Civ. No. 6:25-cv-02220-AA

                   Plaintiff,                       **OPINION & ORDER**

          v.

STATE OF OREGON,

                   Defendant.

_____

AIKEN, District Judge.

On January 7, 2026, the Court granted Plaintiff's IFP Petition but dismissed the original Complaint with leave to amend. ECF No. 6. Plaintiff timely filed an Amended Complaint. ECF No. 7. For the reasons set forth below, the Amended Complaint is DISMISSED without further leave to amend.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess

Page 1 –OPINION & ORDER

whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

As with the original Complaint, the Amended Complaint alleges that "the State of Oregon breached its fiduciary duty it had toward the plaintiff Mr. Brock, a citizen of Oregon." Am. Compl. 3. Plaintiff's claims stem from a series of arrests, no-contact order violations, stalking orders, criminal convictions, and probation violations against Plaintiff spanning more than three years from June 2022 through January 2026. Plaintiff brings his claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12203. *Id.* at 2.

### I.     42 U.S.C. § 1983

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

As the Court explained its prior Opinion & Order, Plaintiff cannot bring § 1983 claims against the State of Oregon because the state is protected by the Eleventh Amendment. The Court dismissed Plaintiff's § 1983 claim against the State of Oregon without leave to amend. Despite this, the § 1983 claim appears in the

Amended Complaint in much the same form, alleging breach of fiduciary duty, defamation, false arrest and imprisonment, harassment, and retaliation. The claims are again dismissed without leave to amend.

**II.    42 U.S.C. § 12203**

Section 12203, under Title V of the ADA "prohibits retaliation or coercion against individuals who oppose unlawful acts under the ADA." *Strojnik v. State Bar of Arizona*, 446 F. Supp.3d 566, 574 (D. Ariz. 2020). It protects any individual who "has opposed any act or practice made unlawful" by the ADA or has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA. 42 U.S.C. 12203(a). It provides further that it is "unlawful to coerce, intimidate, threaten, or interfere with any individual . . . on account of his or her having exercised . . . any right granted or protected by [the ADA]." 42 U.S.C. § 12203(b). "Title V is contingent upon the substantive violations of other provisions the ADA," which "prohibits discrimination in three areas: employment ('Title I'), public services ('Title II'), and public accommodations ('Title III')." *Strojnik*, 446 F. Supp.3d at 575. "Thus, for a plaintiff to have a Title V claim, he must have suffered retaliation for opposing an act or practice made unlawful under the ADA." *Id.*

Plaintiff alleges that he "has dyslexia and astigmatism since childhood (diagnosed) and it causes him to struggle with written text and forms," and he "needs verbal explanations to be able to participate in all activities with full understanding of what is being required" and that his "probation officers have consistently refused to explain the content of the documents presented to him." Am. Compl. 9. Plaintiff

Page 4 –OPINION & ORDER

also alleges that he "doesn't do well with hostility and/or aggression, especially from Law Enforcement" due to his post-traumatic stress disorder. *Id.* Plaintiff asserts that his claim is based on the requirement that "state employees . . . take individual disabilities into consideration and assist the person with the disability, ensuring equal treatment." *Id.* at 8. From this, the Court again infers that Plaintiff's Title V claim is based on alleged violation of his Title II rights.

As set forth above, the allegations are substantially identical to those of the original Complaint, which the Court found defective. The complained-of acts were allegedly committed by Douglas County probation officers, Am. Compl. 9, who are employed by the county government and not the State of Oregon. *See* ORS 423.549 (abolishing the state-run probation system and transferring authority to the county governments). Plaintiff has failed to state a claim for ADA retaliation against the State of Oregon.

### III.    Dismissal Without Leave to Amend

As discussed, Plaintiff's original Complaint was dismissed with leave to amend, except for the § 1983 claim against the State of Oregon, and Plaintiff was provided with an explanation of the deficiencies and guidance on how to correct them. The Amended Complaint is substantially similar to the original Complaint. Despite the Court's instruction that a § 1983 claim cannot be maintained against the State of Oregon and despite the claim being dismissed *without* leave to amend, Plaintiff has alleged the same claim again. The § 12203 claim is identical and contains the same

defects as in the original Complaint.  The Court concludes that it would be futile to grant further leave to amend.

## CONCLUSION

For the reasons set forth above, the Amended Complaint, ECF No. 7, is DISMISSED without leave to amend and without service on Defendants.  Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ____9th____ day of April 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge